215 P.3d 411

In the Matter of the HONOLULU COM-MUNITY–MEDIA COUNCIL, SOCIETY OF PROFESSIONAL JOURNALISTS, Hawai'i Chapter, Petitioner.

No. 30046.

Supreme Court of Hawai'i.

Sept. 11, 2009.

MOON, C.J., NAKAYAMA, ACOBA, DUFFY, and RECKTENWALD, JJ.

PER CURIAM.

By means of an August 28, 2009 letter to the Chief Justice, the Honolulu Community-Media Council and the Society of Professional Journalists (Petitioners) seek waiver of fees for copying judicial financial disclosure statements. We accept the letter as a "motion for waiver of copying fees" in an original proceeding and deny the motion.

The Petitioners made similar requests in February and March 2009. The requests were denied by order of this court on March 13, 2009. The March 13, 2009 order concluded that Petitioners had failed to

state good cause for waiver of the copying fees. In support of the current request for waiver of copying fees, Petitioners assert they have obtained an opinion from the Office of Information Practices (OIP) that concludes judicial financial disclosure documents are subject to the Uniform Information Practices Act (UIPA), chapter 92F of the Hawai'i Revised Statutes. Petitioners argue it is in the public interest, as defined by Hawai'i Administrative Rules (HAR) § 2–71–32(b) to waive the copying costs. As discussed below, we conclude that the OIP's July 8, 2009 memorandum opinion is wrong.

■ The records of Judicial Financial Disclosure Statements are not mere "administrative records concerning the management of personnel ... subject to disclosure under the UIPA." The OIP concludes that Judicial Financial Disclosure Statements are records related to the supreme court's executive or administrative functions. However, Judicial Financial Disclosure Statements are judicial records, created and governed by Rule 15 of the Rules of the Supreme Court of the State of Hawai'i (RSCH), promulgated by this court pursuant to its inherent and constitutional judicial authority to regulate judges. The records created by RSCH Rule 15 form an evidentiary basis for motions to disqualify judges and justices and may also provide evidence that can be used to discipline judges and justices. The authority to promulgate rules and keep records with regard to judicial qualification and discipline matters (1) fall within the scope of the court's power to adjudicate, and (2) is inherently intertwined with such adjudicative power. Therefore, the rules and records are not subject to HRS chapter 92F nor OIP review. Cf. In re Kading, 70 Wis.2d 508, 235 N.W.2d 409, 412 (1975) (adoption of judicial code and financial disclosure rule were actions performed by the supreme court under its inherent power to function as the supreme and superintending court).

We have previously noted that the separation of powers doctrine "is intended to preclude a commingling of ... essentially different powers of government in the same hands and thereby prevent a situation where one department would be controlled by, or subjected, directly or indirectly to the coercive influence of either of the other departments." See, e.g., Pray v. Judicial Selection Comm'n, 75 Haw. 333, 353, 861 P.2d 723, 732 (1993) (internal quotation marks and citations omitted); cf. Bester v. Louisiana Supreme Court Committee on Bar Admissions, 779 So.2d 715, 721 (La.2001) ("the inherent powers doctrine exists as a protective mechanism to ensure our independence as the head of a separate branch of state government"; declining to apply public records law to bar admission records).

■ In our tripartite system of government, judicial functions, such as promulgating rules and keeping records with regard to judicial qualification and discipline matters, are not subject to interference by an executive administrative agency. Judicial Financial Disclosure Statements are subject to disclosure under RSCH Rule 15(g), not the UIPA. Thus, HAR § 2–71–32(b) is not applicable. Accordingly, with regard to records created through the exercise of our inherent and constitutional judicial authority to regulate judges, we cannot permit the OIP to "control ... or subject [this court], directly or indirectly[,] to [its] coercive influence." Pray, 75 Haw. at 353, 861 P.2d at 732 (internal quotation marks and citations omitted).

The supreme court is currently seeking comments regarding revisions to RSCH Rule 15 and the financial disclosure statement form, anticipated to be adopted effective January 1, 2010. The recent and anticipated amendments to the form are designed to make necessary disclosures while protecting the safety and security of judges and their families. Judges will be required to make their financial disclosures on the revised form. The disclosures are due on or before April 30, 2010. These disclosure statements will be posted on the judiciary's website thereafter.

■ With regard to Petitioner's motion, this court may waive copying fees upon a showing of good cause under Rule 45(e) of

the Hawai'i Rules of Appellate Procedure. In determining whether good cause exists, this court requires applicants to make a credible showing of indigency. Petitioners have failed to establish indigency, and accordingly, the motion for waiver of the copying fees is denied.